**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Smalley,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Officer C. Contino, in his individual capacity, "Unknown Officer #1," in his individual capacity, Joseph M. Arpaio, in his individual capacity as sheriff of Maricopa County, Maricopa Couty Sheriff's Office, and Maricopa County,<br><br>　　　　　Defendants. | No. CV12-2524-PHX-DGC<br><br>**ORDER** |

　　　　Defendants filed a motion to dismiss and motion to strike. Doc. 10. The motion is fully briefed. No party has requested oral argument. For the reasons stated below, the Court will grant the motion to dismiss in part and deny the motion to strike.

**I.　　Background.**

　　　　On November 26, 2012, Plaintiff Blake Smalley, who is represented by counsel, filed a complaint against Maricopa County, The Maricopa County Sheriff's Office ("MCSO"), Sheriff Arpaio in his individual capacity, Deputy C. Contino in his individual capacity, and Unknown Officer #1 ("Unknown Deputy") in his individual capacity. Doc. 1. The complaint alleges that on September 22, 2012, MCSO deputies, acting under color of state law, unlawfully arrested Plaintiff, an African American male, in Cave Creek, Arizona. Doc. 1 at 5-9. According to the Plaintiff's complaint, Unknown Deputy and Deputy Contino approached him at a convenience store where he was seeking

assistance after his car ran out of gas. *Id.* at 5. Plaintiff's car was not near the store during the encounter. *Id.* Deputy Contino questioned Plaintiff about the location of his car, then conducted a search of his person. *Id.* at 5-6. During the search, Unknown Deputy was "yelling and screaming at the plaintiff, telling him that it was part of the officers' jobs to 'keep pieces of shit like you off the street.'" *Id.* at 6. Deputy Contino then handcuffed Plaintiff and, with Unknown Deputy, assaulted Plaintiff by throwing him to the ground and then against a patrol car. *Id.* According to Plaintiff, Unknown Deputy yelled that "people like him" did not belong in the area. *Id.* Plaintiff believes the statement referred to him being an African American in a predominantly Caucasian neighborhood. *Id.* Plaintiff was arrested and charged with resisting arrest and maintaining an open container of alcohol in his car. *Id.* at 7. Plaintiff was then transported to a detention facility and held for 15 hours. *Id.* Plaintiff contends that he was never formally charged or convicted of any crime in relation to the arrest. *Id.* at 8.

As a result of Plaintiff's alleged unlawful arrest, he claims to have suffered injuries and damages in violation of his Fourth and Fourteenth Amendment constitutional rights, and 42 U.S.C. § 1983. Doc. 1. at 9.

**II.   Legal Standard.**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis.**

    **A. Plaintiff's Standing.**

Defendants allege Plaintiff has no standing to bring this suit because he has not proven that he suffered a specific injury, nor shown an affirmative link between an injury and the conduct of any Defendant. Doc. 10 at 7, Doc. 16 at 9. To satisfy Article III standing, Plaintiff must show (1) he has suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of Defendants; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Braunstein v. Arizona Dept. of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) (quoting *Bernhardt v. County. of L.A.*, 279 F.3d 862, 868–69 (9th Cir. 2002)). Plaintiff bears the burden of establishing these elements. Although general allegations of injury can suffice at the pleading stage, a plaintiff must set forth "specific facts" to survive a motion for summary judgment based on lack of standing. *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Plaintiff alleges that he suffered injuries due to excessive force from Unknown Deputy and Deputy Contino during his arrest. Doc. 1 at 9. Plaintiff also alleges that he was detained for 15 hours as a direct result of the arrest. Doc. 1 at 8. Plaintiff alleges that these injuries were a direct result of the actions or policies of Defendants in this case, and those allegations are sufficient to establish standing at this pleading stage.

    **B. Unknown Deputy and Deputy Contino.**

Count one of Plaintiff's complaint alleges that he is entitled to damages from Unknown Deputy and Deputy Contino under 42 U.S.C.§ 1983 for violation his Fourth and Fourteenth Amendment constitutional rights. Doc. 1 at 9-10.

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005) (quoting *Shoshone–Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir.1994)). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). It is well settled that § 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir.1986); *Baker*, 443 U.S. at 146. Mere negligence is not sufficient to support a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).

Plaintiff has sufficiently pled a § 1983 claim against the deputies in this case. Plaintiff alleges that Unknown Deputy and Deputy Contino, acting under the color of state law, racially discriminated against him and violated his right to be free from unreasonable searches and seizures. Doc. 1 at 9. Plaintiff also alleges that they used excessive, unreasonable, and unjustified force during his arrest. *Id.* Defendants do not specifically refute any of Plaintiff's allegations with regard to Unknown Deputy and Deputy Contino in their motion to dismiss. Because the Court must accept Plaintiff's allegations as true at this point in the proceedings, Defendants' motion to dismiss with regard to Unknown Deputy and Deputy Contino will be denied. *See Lockyer*, 568 F.3d at 1067.

**C.    MCSO.**

"Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (citations omitted). "Although A.R.S. § 11-201(A)(1) provides that counties have the power to sue and be sued through their boards of

supervisors, no Arizona statute confers such power on MCSO as a separate legal entity." *Id.* Plaintiff, nonetheless, claims MCSO is a proper defendant, citing *Maricopa County Sheriff's Office v. Greer*, 1 CA-CV 09-0255, 2010 WL 1779349 (Ariz. Ct. App. 2010). That decision was issued prior to *Braillard*, which resolved the issue of MCSO's non-jural status.

MCSO is a non-jural entity and lacks capacity to be sued. Accordingly, all claims asserted against MCSO will be dismissed with prejudice.

### D. Sheriff Arpaio.

Plaintiff alleges that Sheriff Arpaio is responsible for Plaintiff's injuries in his individual capacity under direct supervisor liability. Doc. 1 at 10, Doc. 15 at 11. In the Ninth Circuit, a defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Id.* (quoting *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotation marks omitted)).

The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.* (internal citation and quotation marks omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to

the rights of others." *Id.* (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998)).

Plaintiff claims that Sheriff Arpaio has a policy "of acquiescence in letting subordinates violate federally secured constitutional rights by failing to follow proper police procedures as required by . . . the United States Constitution." Doc. 1 at 10. Specifically, Plaintiff contends and individually addresses claims that Arpaio promotes "policies, customs, practices, and procedures that allow unconstitutional or discriminatory policing, as demonstrated by inadequate policies, ineffective training, virtually non-existent accountability measures, poor supervision, scant data collection measures, distorted enforcement priorities, an ineffective complaint and disciplinary system, and dramatic departures from proper law enforcement procedures." *Id.* Plaintiff claims that Sheriff Arpaio is aware that his office's deficiencies create a risk of unconstitutional or discriminatory policing, yet fails to remedy the situation. Doc. 1 at 10-13. Plaintiff further alleges that because of the Sheriff's policies, Unknown Deputy and Deputy Contino believed their actions against Plaintiff would not be monitored or investigated and, indeed, would be tolerated. Doc. 1 at 13.

Plaintiff has met his pleading burden under relevant Ninth Circuit law. Defendant's motion to dismiss Sheriff Arpaio will be denied.

### E. Maricopa County.

Plaintiff argues that the County is liable for constitutional violations of MCSO deputies because they occurred as a result of the policies, practices, and customs promulgated and ratified by Sheriff Arpaio, and because the County failed to remedy allegations of misconduct within MCSO. Doc. 1 at 14.

Municipalities and other local government units are among those persons to whom § 1983 applies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A "[c]ounty is liable only for the actions of 'its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Cortez v. County of L.A.*, 294 F.3d 1186, 1189 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694). "To hold a local government liable for an

official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act." *Id.* (quoting *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000)). "Whether a particular official has 'final policy making authority' is a question of state law." *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)).

"It is well settled that 'Sheriff Arpaio is a final policymaker for Maricopa County in the context of criminal law enforcement.'" *Mora v. Arpaio*, CV-09-1719-PHX-DGC, 2011 WL 1562443 at *7 (D. Ariz. 2011) (quoting *Lovejoy v. Arpaio*, CV09-1912-PHX-NVW, 2010 WL 466010 at *12 (D. Ariz. 2010)). The Sheriff's authority is statutorily prescribed and vested in the State Constitution. *See*, Ariz. Const. art. XII, §§ 3, 4. A.R.S. § 11-441 empowers the Sheriff, among other things, to preserve the peace and make arrests of persons committing crimes. In his official capacity, the Sheriff's acts "surely represent an act of official government 'policy'" of Maricopa County. *Lovejoy*, 2010 WL 466010, at * 13 (citations omitted). Indeed, there "may be no 'clearer case of county liability' than for the policies of a sheriff charged by law with responsibility for a county's [law enforcement]." *Flanders v. Maricopa County*, 54 P.3d 837, 847 (Ariz. Ct. App. 2002) (citation omitted).

Under *Monell*, therefore, Maricopa County is subject to § 1983 liability for the Sheriff's policies, customs, and practices if they deprived Plaintiff of his constitutional rights. *See id.* ("Because the judgment against the Sheriff was for constitutional violations committed in his official capacity, the County is liable as a matter of law."); *Martin v. Arpaio*, No. CV 06–2423–PHX–DGC (DKD), 2006 WL 3313950, at *2 (D. Ariz. 2006) ("Regarding Arpaio in his official capacity, a suit against him officially is equivalent to a suit brought against . . . Maricopa County") (citations omitted); *see also Cortez v. County of L.A.*, 294 F.3d 1186, 1188–92 (9th Cir. 2001) (county subject to § 1983 liability where the sheriff acted as an official for the county); *Pembaur v. City of*

*Cincinnati*, 475 U.S. 469, 483 n. 12 (1986) (noting that while the sheriff's employment decisions would not result in municipal liability where employment policy was set by the county board, "decisions with respect to law enforcement practices, over which the [s]heriff *is* the official policymaker, *would* give rise to municipal liability") (emphasis in original).

It is undisputed that Deputy Contino and Unknown Deputy were engaged in official law enforcement duties at the time of Plaintiff's arrest. Doc. 10 at 6. Plaintiff alleges that his arrest and the related violations of his constitutional rights were a direct result of the Sheriff's longstanding policies, customs, practices, and procedures. Doc. 1 at 14. Plaintiff's factual allegations plausibly state a claim against the County.

### F.     Motion to Strike.

Defendants bring a motion to strike paragraphs 58-61 of Plaintiff's complaint. Doc. 10 at 8-9. The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Defendants claim paragraphs 58-61 "consist of pure political commentary" and must be stricken as immaterial and impertinent. Doc. 10 at 8-9. The Court disagrees. Plaintiff has alleged his constitutional rights were violated by MCSO deputies who were empowered to act by the Sheriff's policies of encouraging, or at least condoning, racial discrimination in law enforcement. Plaintiff alleges both the County and the Sheriff were aware of institutional deficiencies in MCSO that could lead to such racially motivated policing, but failed to take corrective action. Paragraphs 58-61 of Plaintiff's complaint point to factual evidence that the United States Department of Justice has recently attempted to engage the Sheriff regarding constitutional violations of his deputies. Doc. 1 at 12-13. The Court cannot conclude that such allegations are immaterial or impertinent to the Plaintiff's claim that his own constitutional rights were violated by MCSO deputies. Defendants' motion to strike will be denied.

**IT IS ORDERED:**

1.     Defendants' motion to dismiss (Doc. 10) is **granted in part and**

**denied in part** as set forth above.

2. Defendants' motion to strike (Doc. 10) is **denied**.

Dated this 7th day of March, 2013.

_____
David G. Campbell
United States District Judge