**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Smalley, | No. CV-12-02524-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| C. Contino, et al., | |
| Defendants. | |

Plaintiff sues Defendants under 42 U.S.C. § 1983 for violation of his constitutional rights in connection with a police stop and arrest on September 22, 2012. Before the Court is Plaintiff's memorandum in support of discovery of internal affairs records (Doc. 59) and a response by Defendants (Doc. 60). Plaintiff seeks production of the internal Investigative Affairs Report addressing Defendant Contino's actions in connection with the stop and arrest. Doc. 59 at 1. Defendants contend that Arizona law creates a qualified privilege by prohibiting disclosure of the report until the investigation is complete, including the appeals process. Doc. 60 at 2; Ariz. Rev. Stat. ("A.R.S.") § 38-1101(L).

Issues of privilege in federal question cases are determined by federal law. *Lewis v. United States*, 517 F.2d 236, 237 (9th Cir. 1975). "In determining the federal law of privilege in a federal question case, absent a controlling statute, a federal court may consider state privilege law. But the rule ultimately adopted, whatever its substance, is not state law but federal common law." *Id.*

1. The parties assume, without citing any authority, that A.R.S. § 38-1101(L) creates a qualified privilege in litigation, but the statute says nothing about privileges or civil litigation. It instead creates an exception to the type of information that must be publicly available in a law enforcement officer's personnel file. When the Arizona legislature has created civil litigation privileges, it has done so expressly. For example, the legislature has provided that communications between husbands and wives, priests and penitents, attorneys and clients, and doctors and patients cannot be inquired into in civil litigation. *See* A.R.S. §§ 12-2232, 12-2233, 12-2234, 12-2235. The provision cited by Defendants provides no similar express protection, but instead limits information available through the public portions of Defendant Contino's personnel file. The Court cannot conclude from this language that the Arizona legislature intended to create a civil litigation privilege like those mentioned above, and has found no Arizona case holding that A.R.S. § 38-1101(L) creates a state privilege. As a result, the Court need not decide whether to incorporate such a privilege into federal common law for purposes of this case.

**IT IS ORDERED** that Defendants, within one week of the entry of this order, shall produce Christopher Contino's Investigative Affairs Report in connection with the September 22, 2012 incident.

Dated this 18th day of October, 2013.

_____
David G. Campbell
United States District Judge