**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Smalley, | No. CV-12-02524-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| C Contino, et al., | |
| Defendants. | |

On November 20, 2013, the Court held a discovery conference call with the parties. At the Court's direction, the parties submitted memoranda on the application of the deliberative process privilege in this case. Docs. 89, 90. For the reasons set forth below, the Court concludes that Defendants must turn over the requested executive session minutes.

This case arises under 42 U.S.C. § 1983. Plaintiff seeks discovery of documents relating to Defendants' policing practices, and the request covers minutes from executive sessions of the County Board of Supervisors. Defendants argue that the minutes are privileged under A.R.S. § 38-431.03 and the deliberative process privilege. Doc. 89 at 2.

Defendants correctly observe that, under Federal Rules of Evidence 501, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Doc. 89 at 4. Defendants argue that because "Smalley's request for e-session minutes goes directly against Arizona state law," Arizona privilege law – which Defendant believes is embodied in A.R.S. § 38-431.03 – applies. Doc. 89 at 4. But the

1 "rule of decision" mentioned in Rule 501 is not the rule of decision on the privilege issue; it is the rule of decision on the claim or defense asserted in the case. This case arises under § 1983. Federal law, not Arizona law, supplies the rule of decision in such a case, and issues of privilege therefore are not resolved under Arizona law. *See Crowe v. Cnty. of San Diego*, 242 F. Supp. 2d 740, 746 (S.D. Cal. 2003); *American Civil Liberties Union of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981). Thus, even assuming A.R.S. § 38-413.03 establishes a privilege, it does not apply in this case.

Issues of privilege in this case must be resolved under federal common law. Fed. R. Evid. 501. That law recognizes a deliberative process privilege. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The privilege rests on the realization that officials will not communicate candidly among themselves if each remark is potentially subject to discovery. The privilege seeks to enhance the quality of government by promoting open and frank exchanges among government decision makers. For the privilege to apply, a document must meet two requirements. "First, the document must be predecisional – it must have been generated before the adoption of an agency's policy or decision . . . . Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies. Purely factual material that does not reflect deliberative processes is not protected." *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

Even if a party satisfies these requirements, the deliberative process privilege is qualified. "A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Id*. Among the factors that the Court must consider are: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id*. Thus, if the Court determines that the privilege applies, the Court must consider whether portions of the document are still subject to disclosure. *See Electronic Frontier Found. v. Office of the*

1 *Dir. of Nat. Intelligence*, 639 F.3d 876 (9th Cir. 2010) (endorsing application of *Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973), to deliberative process privilege).

"The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988) (citing *United States v. Hirsch*, 803 F.2d 1493, 1496 (9th Cir. 1986)). Defendants have not met this burden. Defendants make only general allegations regarding the applicability of the privilege. Defendants argue in their brief that *EPA v. Mink*, 410 U.S. 73, 87 (1973), provides the acknowledged test for determining whether the deliberative process privilege applies. Although *Mink* is an important case on the content of the deliberative process privilege, subsequent the Supreme Court and Ninth Circuit cases cited above have expounded on the privilege and established inquiries to determine how and when it applies. Defendants have not addressed the threshold requirements of *Klamath Water Users*. They do not identify documents they seek to withhold under the privilege, address whether they are deliberative in nature, or address whether they contain purely factual material. Nor do they address the four factors to be considered under *Warner* in deciding whether the qualified privilege must give way. Because Defendants have not carried their burden of showing that the privilege applies in this case, the Court concludes that the Board of Supervisor's executive session minutes must be produced.

**IT IS ORDERED** that Defendants produce the Board of Supervisors e-session minutes.

Dated this 12th day of December, 2013.

_____
David G. Campbell
United States District Judge