**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Smalley, | No. CV-12-02524-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| C. Contino, et al., | |
| Defendants. | |

Pursuant to the Court's order of April 22, 2014 (Doc. 151), Defendant Maricopa County has submitted 20 sets of minutes from executive sessions of the Maricopa County Board of Supervisors for *in camera* review. The County is withholding these minutes, which are responsive to a list of search terms provided by Plaintiff, on the ground that they are protected by the attorney-client privilege. The Court has reviewed the minutes and concludes that they are protected by the attorney-client privilege.

In the Ninth Circuit, the attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607-08 (9th Cir. 2009) (citing *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)). Courts look to an eight-part test to determine whether information is covered by the privilege: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from

disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Ruehle*, 583 F.3d at 608 (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)).

In each of the meetings for which minutes were reviewed, the Board receives updates and advice on pending litigation from either outside counsel, one or more attorneys from the Maricopa County Attorney's Office, or a lawyer designated as "counsel to the Board." The minutes constitute summaries of discussions between the Board and whichever attorney is presenting on a given case. Presentations by attorneys usually contain a summary of the facts or procedural posture of a specific case, the presenting attorney's recommendations on how to proceed in the case, and questions from individual supervisors about the litigation. Each of the presenting attorneys, whether from the County Attorney's office or an outside law firm, represents Maricopa County's interest in the pending litigation. A.R.S. § 11-201(A) provides that only a county board of supervisors may exercise the powers of a county, including the ability to sue and be sued. As such, the Maricopa County Board of Supervisors has the power to direct the County's course of action in pending litigation, and legal advice received by the Board on matters involving Maricopa County or its units is subject to the attorney-client privilege.

In the minutes reviewed, there are a few instances where individual supervisors make general comments not directed at the presenting attorney, either expressing the opinion of the supervisor or generally commenting on proposed actions under consideration by the Board. The Court concludes that these statements are privileged because they relate to the purpose of seeking legal advice. Additionally, there are portions of a few meetings where the Board discusses facilities management or real estate transactions and receives presentations from non-lawyer County employees. These portions of the minutes are not privileged, but they also are not responsive to Plaintiff's search terms.

The Court concludes that the County has properly withheld the documents

reviewed *in camera* under the attorney-client privilege. In light of this conclusion, the Court will not require the County to produce to Plaintiff the other documents contained in the County's privilege log.

The parties shall complete the depositions of the supervisors discussed at the hearing on April 22, 2014, by **May 30, 2014**. The parties shall file supplements to their motions for summary judgment, not to exceed seven pages, by **June 6, 2014**, after which the motions will be deemed submitted.

Dated this 6th day of May, 2014.

_____
David G. Campbell
United States District Judge